IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Thomas J. FINK, Attorney at Law.

OFFICE OF LAWYER REGULATION, f/k/a Board of Attorneys Professional Responsibility, Complainant,

v.

Thomas J. FINK, Respondent.

Supreme Court

*No. 00–3082–D. Filed June 28, 2001.*

2001 WI 72

(Also reported in 628 N.W.2d 362.)

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

518

¶ 1. PER CURIAM. We review the recommendation of the referee that Attorney Thomas J. Fink receive a public reprimand for professional misconduct and that he pay the costs of this proceeding.

¶ 2. The misconduct consists of failing to provide a client with legal materials which the client requested, failing to keep the client reasonably informed of the status of his case, failing to promptly reply to reasonable requests from the client for information, failing to take steps reasonably practical to protect the client's interest, and failing to cooperate with the investigation of the Board of Attorneys Professional Responsibility (Board) including the misrepresentation of facts during the process.

¶ 3. We determine that the seriousness of Attorney Fink's professional misconduct warrants a public reprimand.

¶ 4. Attorney Fink was admitted to the practice of law in Wisconsin in 1963. In 1998 he was appointed by the state public defender to represent a client at a probation revocation proceeding. In the course of this representation, Attorney Fink was supplied with documents relating to the state's request for revocation. On four separate occasions the client requested that Attorney Fink provide him with a copy of these documents and on each occasion he failed to do so although he did later provide the client with the materials.

¶ 5. After Attorney Fink's legal representation of the client had terminated, the client requested copies of all materials relating to the case. Attorney Fink received the request but did not respond to it.

¶ 6. The client subsequently filed a notice of grievance with the Board. Attorney Fink was twice directed to file a written response but did not reply. When the Board's district investigative committee

eventually questioned Attorney Fink, he indicated that he viewed the documents requested by his client as being unimportant and that when his representation of the client ended he believed it was not his obligation to respond to the client's request for additional documents. Attorney Fink also misrepresented to the committee the date on which he provided the client with a copy of the appeal of the adverse ruling in the revocation proceeding and whether he had placed a block on collect calls on his telephone to keep his client from contacting him.

¶ 7. On November 14, 2000, the Board commenced this disciplinary proceeding with the filing of a complaint and an order to answer. The complaint alleged that Attorney Fink engaged in five counts of professional misconduct.

¶ 8. First, the Board alleged that Attorney Fink violated SCR 20:1.4(a)[1] by failing to provide his client with a copy of the revocation documents, by failing to keep the client reasonably informed of the status of the probation revocation proceeding, and by failing to promptly reply to reasonable requests by the client for information.

¶ 9. Second, the Board alleged that Attorney Fink violated former SCR 21.03(4)[2] and former SCR

---

[1] SCR 20:1.4(a) provides:

(a)  A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[2] Former SCR 21.03(4) provided:

(4)  Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

22.07(2)[3] by failing to cooperate with the Board's investigation and misrepresenting facts in the course of it.

¶ 10.    Third, the Board alleged that Attorney Fink violated SCR 20:1.16(d)[4] by failing to provide his client with a copy of the file after the probation revocation proceeding was completed and in general failing to take reasonable practical steps to protect the client's interests.

¶ 11.    Fourth, the Board alleged that Attorney Fink violated former SCR 21.03(4) and former SCR 22.07(2) by failing to respond to the Board's two letters of inquiry.

¶ 12.    Fifth, the Board alleged that Attorney Fink violated former SCR 21.03(4) and former SCR 22.07(2) by misrepresenting to the committee that he had not placed a block on collect calls to his telephone when in fact he had done so.

---

[3] Former SCR 22.07(2) provided:

(2)    During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

[4] SCR 20:1.16(d) provides:

(d)    Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

¶ 13.   Attorney Fink admitted service of the Board's complaint and subsequently filed an answer. John E. Shannon, Jr., was appointed by this court as referee.

¶ 14.   Attorney Fink and the Office of Lawyer Regulation, as the successor to the Board, subsequently entered into a stipulation in which Attorney Fink agreed that he had committed the five counts and that the public reprimand sought by the Board, along with the imposition of costs, was an appropriate level of discipline. The referee then issued findings of fact, conclusions of law, and a recommendation, adopting the stipulation and the Board's complaint.

¶ 15.   We adopt the referee's findings of fact and conclusions of law and determine, in accordance with the referee's recommendation and the stipulation of the parties, that the appropriate discipline for Attorney Fink's professional misconduct is a public reprimand. His actions with respect to his client and the Board's investigation constituted substantial professional misconduct warranting a public reprimand.

¶ 16.   It Is Ordered that Attorney Thomas J. Fink be publicly reprimanded for his professional misconduct.

¶ 17.   It Is Further Ordered that within 60 days of the date of this order Attorney Thomas J. Fink pay to the Office of Lawyer Regulation the costs of this proceeding in the amount of $1057.17. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Attorney Thomas J. Fink to practice law in Wisconsin shall be suspended until further order of the court.